IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| BRIAN GWINN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 318-046 |
| | ) | (Formerly CR 315-004) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner Brian Gwinn filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence. The motion is before the Court for initial review as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** as untimely, and this civil action be **CLOSED**.

I.   BACKGROUND

On April 8, 2015, the grand jury in the Southern District of Georgia charged Petitioner with one count of theft of public money, in violation of 18 U.S.C. § 641. United States v. Gwinn, CR 315-004, doc. no. 2 (S.D. Ga. Apr. 8, 2015). On August 20, 2015, Petitioner, represented by court-appointed attorney Lance Hamilton, pled guilty to the one charge. Id., doc. nos. 47-49. In exchange for Petitioner's guilty plea, the government agreed to not object to a recommendation for acceptance of responsibility under U.S.S.G. § 3E1.1(a)

and move for an additional one level decrease under U.S.S.G. § 3E1.1(b) if the offense level was sixteen or greater. Id., doc. no. 48, p. 3.

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at ten, Criminal History Category at I, and Guideline imprisonment range at six to twelve months. PSI ¶ 23, 27, 51. On October 14, 2015, Petitioner filed a sentencing memorandum asking the Court not to sentence him to incarceration. CR 315-004, doc. no. 51. On October 19, 2015, United States District Judge Dudley H. Bowen, Jr., sentenced Petitioner to no imprisonment, five years of probation, a special assessment of $100.00, and $41,371.70 in restitution. Id., doc. no. 54. The judgment was entered on October 21, 2014. Id., doc. no. 56. Petitioner did not file a direct appeal.

Petitioner signed the instant § 2255 motion on May 30, 2018. (Doc. no. 1, p. 12.) Petitioner raises three grounds for relief: (1) defense counsel was ineffective because he "had no intention of mounting a defense"; (2) the "VA manipulated and withheld exculpatory evidence" regarding his case; and (3) "[c]eding of U.S. Title 38 statutory and regulatory control to the federal courts." (Id. at 4-7.)

**II.    DISCUSSION**

    **A.    The Motion Is Untimely.**

28 U.S.C. § 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions that runs from the latest of four possible dates:

1.    the date on which the judgment of conviction becomes final;

2.     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3.     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4.     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Petitioner's judgment of conviction was entered on October 21, 2015, and because Petitioner did not file a direct appeal, his conviction and sentence became final fourteen days later.  See Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000) (explaining that where no timely notice of appeal is filed and motion for leave to file out of time appeal is denied, judgment of conviction final on expiration of deadline for filing notice of appeal); Fed. R. App. P. 4(b)(1).  Petitioner signed the present motion on May 29, 2018, and the Clerk docketed the motion on June 15, 2018.  (Doc. no. 1, p. 12.)  Thus, Petitioner filed his § 2255 motion more than one year after his conviction became final and his motion is untimely.

### B.    Petitioner Has Not Demonstrated He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred.

Nevertheless, an otherwise untimely § 2255 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred.  Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

3

way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Damren v. Florida, 776 F.3d 816, 821-22 (11th Cir. 2015).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted), *cert. denied*, 133 S. Ct. 351 (2012). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not

that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 133 S. Ct. at 1933 (emphasis added).

Here, Petitioner has not shown that extraordinary circumstances prevented him from timely filing his motion. Petitioner "claims [a] filing extension" pursuant to Lee v. United States, 138 S. Ct. 13 (2017), because he "had to do all of his own preparation in this motion . . . ." (Doc. no. 1, p. 11.) However, the Lee Court addressed when appeal filing deadlines prescribed by statute are regarded as jurisdictional; it does not consider § 2255 motions or the one-year statute of limitations imposed by AEDPA. Lee, 138 S. Ct. at 13. Petitioner also "claims exemption from [the] appeal time limits," citing Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428 (2011). However, Henderson also does not discuss § 2255 motions or AEDPA.

Furthermore, the fact Petitioner had to prepare his own § 2255 motion does not excuse filing the present § 2255 motion more than eighteen months after expiration of the one-year statute of limitations. Johnson v. United States, 544 U.S. 295, 311 (2005) ("[T]he Court has never accepted *pro se* representation alone . . . as an excuse for prolonged inattention when a statute's clear policy calls for promptness.") Finally, Petitioner has not presented any evidence, much less new evidence, to suggest he did not commit the offense to which he pleaded guilty such that no reasonable juror would have convicted him. Accordingly, Petitioner is not eligible for equitable tolling.

### III.  CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court finds Petitioner's motion is time-barred by

the applicable one-year statute of limitations.  Therefore, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** as untimely, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 18th day of June, 2018, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA